| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF LESUEUR | FIRST JUDICIAL DISTRICT |
| | Case Type Indicator: Employment |

| | |
|---|---|
| Dustin Johnson,<br><br>      Plaintiff,<br><br>v.<br><br>Covia Holdings Corporation,<br>Also Known As Unimin Corporation,<br><br>      Defendant. | **COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Dustin Johnson brings this action for damages and other legal and equitable relief for violations of law by Defendant Covia Holdings Corporation, aka Unimin Corporation ("Covia"). He states and alleges as follows:

## INTRODUCTION

Dustin Johnson was hired as a Utility Man by Unimin Corporation, now Covia, on April 5, 2018 at the Le Sueur worksite. Mr. Johnson contends Covia is discriminating against him based on his race and color by failing to train him and by forcing him to work extra hours on very short notice. He also alleges that Covia is in violation of a union contract for failing to pay him overtime wages when he works more than eight hours in the same 24 hour period. Mr. Johnson now files suit seeking to hold Defendant accountable for its blatant violations of state, federal and common laws.

## PARTIES

1.     Plaintiff Dustin Johnson ("Plaintiff" or "Mr. Johnson") is a resident of the State of Minnesota.

2. For all times pertinent to this action, Mr. Johnson was an "employee" of Defendant under Minn. Stat. § 363A.03, subd. 15 and 29 U.S.C. 26 § 203(e).

3. For all times pertinent to this action, Defendant, Covia, was Mr. Johnson's "employer" within the meaning of Minn. Stat. § 363A.03, subd. 16 and 29 U.S.C. 26 § 203(d).

4. For all times pertinent to this action, Defendant Covia was located at 39770 Ottawa Road, Le Sueur, MN 57058, with a corporate office located at 259 Elm Street, New Canaan, CT 06840 and a registered office address at 1010 Dale St. N., St. Paul, MN 55117-5603.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the parties and causes of action alleged by Mr. Johnson because the events alleged herein affecting him occurred in the State of Minnesota.

6. Venue in this Court is proper because Defendant is located and conducts business in LeSueur County, Minnesota.

7. All conditions precedent to this action have been fulfilled. Plaintiff timely commenced this action within 90 days of a dismissal by the Equal Employment Opportunity Commission and 45 days of a dismissal by the Minnesota Department of Human Rights.

## FACTUAL ALLEGATIONS

8. Mr. Johnson was hired as a Utility Man for Unimin on April 5 of 2018. Unimin was acquired by Covia Holdings Company, but Mr. Johnson's title and employment conditions remained the same after the acquisition. He is still employed with Covia at this time.

9. Utility men are supposed to be cross-trained in myriad duties, but Mr. Johnson has never been cross-trained. He has requested cross-training on numerous occasions, but his supervisors have refused to do so. He believes this refusal is due to discrimination on the basis of race and color.

10. Mr. Johnson requested and received a third shift assignment, from 11:00 pm until 7:00 am, Monday through Friday. Because he is not cross-trained, when he is moved to a different shift, he is forced to perform menial labor whereas the two white utility men from third shift are given higher-level jobs that they have been cross-trained to perform. He believes this disparity in treatment is due to discrimination on the basis of his race and color.

11. Mr. Johnson is often forced to work shifts immediately following his regular shift (turnaround shift), and he is often notified of the schedule change at the last minute. The work is menial, he is forced to work more than eight hours in a 24-hour period, and he is not paid overtime. He believes this treatment is due to discrimination on the basis of his race and color.

12. In the Fall of 2018 Mr. Johnson approached his supervisor regarding the issues with last minute schedule changes, lack of cross-training, and failure to pay overtime and was told, "People find you difficult to work with." Mr. Johnson's numerous reviews are all positive and none contain indications that anyone has difficulty working with him. Mr. Johnson believed the comment was based on race discrimination and he reported it to another Covia supervisor.

13. On numerous occasions, Mr. Johnson has not worked a full week due to his shifts being canceled, but other white employees have worked the full week and even overtime.

14. Covia is bound by a union contract with the United Steelworkers. Article VII, "Hours of Work and Overtime," in the Agreement between United Steelworkers and Unimin, dated April 8, 2017 through April 10, 2020 (covering the relevant time frames here) sets forth in section 7.01 that "'Day' as the term is used herein, shall mean a twenty-four (24) hour period commencing with the employee's shift. 'Shift' shall be defined as being from 7a.m. to 3 p.m. – 3 p.m. to 11 p.m. – and 11 p.m. to 7 a.m."

15. The USW Agreement goes on to set forth in Section 7.03 that the standard work

week is eight hours per day, Monday through Friday and "Time and one-half shall be paid for all time worked after eight (8) hours in any one day..."

16. The USW Agreement also sets forth in section 5.03 that "Employees called back for work outside of his [sic] regular shift will not receive less than four (4) hours pay at one and one-half (1-1/2) times his basic hourly rate of pay plus any applicable shift premiums for such work."

17. Covia is in violation of the agreement with USW by forcing Mr. Johnson to work more than eight hours in a 24-hour period without paying him and one-half times his hourly rate of $27.14.

18. As a direct and proximate result of the conduct above described, Mr. Johnson has suffered emotional distress, mental anguish, embarrassment, and humiliation. Further, as a direct and proximate result of the above conduct, Mr. Johnson has also suffered lost wages and job benefits.

## COUNT I:
## COUNT II: RACE DISCRIMINATION
## UNDER THE MINNESOTA HUMAN RIGHTS ACT,
## MINN. STAT. § 363A.08

19. All preceding paragraphs are incorporated herein.

20. Plaintiff and Defendant herein named are employee and employers respectively as defined by Minn. Stat. §363A.03, subd. 15 and subd. 16.

21. Minn. Stat. § 363A.08, subd. 2 provides that it is an unfair unemployment practice for an employer, because of a person's race or color, to "discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

4

22. By discriminating against Plaintiff on the basis of his race or color, Defendant violated Minn. Stat. § 363A.08, subd. 2.

23. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to, lost income, lost benefits, lost earning capacity, emotional distress, mental anguish, and monetary losses, in excess of $50,000.

24. The above acts were committed with malice, reckless disregard or deliberate disregard for the rights and safety of the Plaintiff. As a result, Plaintiff is also entitled to punitive damages.

## COUNT II: REPRISAL
## UNDER THE MINNESOTA HUMAN RIGHTS ACT,
## MINN. STAT. § 363A.15

25. All preceding paragraphs are incorporated herein.

26. Plaintiff and Defendant herein named are employee and employers respectively as defined by Minn. Stat. §363A.03, subd. 15 and subd. 16.

27. Minn. Stat. § 363A.15 provides that it is an unfair discriminatory practice for any individual who participated in the alleged discrimination to intentionally engage in any reprisal against any person because that person "opposed a practice forbidden under this chapter or has filed a charge ... under this chapter."

28. Minn. Stat. § 363A.15 provides that "reprisal includes, but is not limited to, any form of intimidation, retaliation, or harassment."

29. By forcing Plaintiff to work numerous varied shifts on very short notice, by refusing to cross-train him, and by failing to pay him for overtime work after Plaintiff opposed a practice forbidden by the Minnesota Human Rights Act, Defendant violated Minn. Stat. § 363A.15.

30. As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to, lost income, lost benefits, lost earning capacity (past and future), emotional distress, physical and mental anguish, and monetary losses, in excess of $50,000.

31. The above acts were committed with malice, reckless disregard or deliberate disregard for the rights and safety of the Plaintiff. As a result, Plaintiff is also entitled to punitive damages.

### COUNT III: FAILURE TO PAY WAGES
### UNDER MINN. STAT. § 181.101

32. All preceding paragraphs are incorporated herein.

33. Minn. Stat. § 181.101 makes it unlawful for any employer not to pay wages earned at least once every 31 days.

34. By refusing to pay Plaintiff all of his earned, unpaid wages, Defendant violated Minn. Stat. § 181.101.

35. As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to his actual wages and the penalties and monetary losses, in excess of $5,000.

### COUNT IV: BREACH OF CONTRACT
### UNDER MINNESOTA COMMON LAW

36. All preceding paragraphs are incorporated herein.

37. Minnesota law sets forth a Plaintiff is entitled to damages for breach of contract when a contract is formed, the Plaintiff performed any conditions precedent, and the Defendant breached the contract.

38. As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has been

and continues to be damaged and suffer losses including, but not limited to his actual wages and the penalties and monetary losses, in excess of $5,000.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. A declaratory judgment that the practices complained of herein are unlawful and violative of the Minnesota Human Rights Act, Minn. Stat. § 181.13, and Minnesota common law;

2. An Order permanently restraining and enjoining Defendant from discriminating against Plaintiff, or any other individual, on any basis forbidden by the Minnesota Human Rights Act, Minn. Stat. §§ 181.13 and 181.101, and Minnesota common law;

3. An Order requiring Defendant to compensate, reimburse, and make whole Plaintiff for his losses attributable to Defendant's misconduct including but not limited to, back pay, benefits, training, and promotions;

4. An award to compensate Plaintiff for the pain, suffering, emotional distress, and humiliation caused by Defendant's unlawful treatment;

5. An Order requiring Defendant to compensate Plaintiff for all compensatory and special damages;

6. The Court to award Plaintiff costs, disbursements, and expenses of this action, including attorney's fees as provided in the Minnesota Human Rights Act, Minn. Stat. § 181.13, and Minnesota common law;

7. For treble damages as allowed by the Minnesota Human Rights Act;

8. For penalties as allowed by Minn. Stat. §§ 181.13 and 181.101;

9. For leave to amend the Complaint to include a claim for punitive damages; and

10. For such further and other relief as the court deems fit.

///

///

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this action for all claims so triable.

                                                  BRANDL LAW, LLC

Dated: April 12, 2019            */s/ Jean M. Brandl*
                                                  Jean M. Brandl, # 0387260
                                                  310 4th Avenue South, Suite 5010
                                                  Minneapolis, MN 55415
                                                  P: (612) 206-3773
                                                  F: (612) 206-3773
                                                  jean@brandllaw.com
                                                  *Attorney for Plaintiff*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

                                                  BRANDL LAW, LLC

Dated: April 12, 2019        By:   */s/ Jean M. Brandl*
                                                  Jean M. Brandl (0387260)